UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:09-10-KKC

JONATHAN SIZEMORE, PLAINTIFF,

v. **OPINION AND ORDER**

STATE FARM FIRE AND CASUALTY CO. AND
MICHAEL DARNELL, DEFENDANTS.

* * * * * * * * *

This matter is before the Court on the Motion to Remand (DE 5) filed by the Plaintiff. For the following reasons, the Court will GRANT the motion.

**I.     FACTS.**

This action was initially filed in Floyd Circuit Court. In his Complaint, the Plaintiff asserts that he was involved in a wreck with the Defendant Michael Darnell in which the Plaintiff's car was damaged. The Plaintiff further asserts that Defendant Darnell claims that his vehicle was also damaged in the wreck and that the Plaintiff is liable.

The Plaintiff asserts that Defendant State Farm issued an insurance policy to him that covers any damages caused by the wreck. The Plaintiff asserts that the policy expired on December 14, 2007 and that the wreck occurred on December 14, 2007. The Plaintiff asserts that State Farm has denied him coverage on the basis that the policy expired on December 13, 2007.

The Plaintiff seeks a declaration that the State Farm policy covers damages caused by the wreck. He also asserts that State Farm's acts constitute breach of contract, negligence, and bad faith and violate "the Unfair Settlement Claims Practices Act."

State Farm removed the action to this Court under 28 U.S.C. § 1441(a) which provides that an action is removable from state court if it could have initially been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

In his Complaint, the Plaintiff asserts that he and Defendant Michael Darnell are Kentucky citizens. "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Thus, if Darnell is a proper defendant, there is not diversity of citizenship in this matter under 28 U.S.C. § 1332(a) and it must be remanded. State Farm asserts that this Court nonetheless has subject matter jurisdiction over this action because the Defendant Darnell has been fraudulently joined and the matter in controversy exceeds $75,000.

**II.    STANDARD.**

"A defendant removing a case has the burden of proving the diversity jurisdiction requirements." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000). Given the limited jurisdiction of federal courts, any doubts regarding federal jurisdiction should be construed in favor of remanding a case to state court. *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).

As to the amount in controversy in particular, in *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the court held the burden is on the defendant seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement.

*Id*. at 158; *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

### III.    ANALYSIS.

The Court will first address the amount in controversy. In his Motion to Remand, the Plaintiff, through counsel, stipulates "his claims in this matter do not exceed $75,000.00. Further, it is stipulated that should State Court award the Plaintiff damages in excess of $75,000 he shall not attempt to collect any damages in excess of $75,000.00 exclusive of costs and interest. . . . "

State Farm responded stating that, so long as Plaintiff's stipulation covers all damages including attorney's fees and prejudgment interest, remand is appropriate. State Farm stated that, if the Plaintiff would stipulate that he would not seek to recover from State Farm "more than a total of $74,999.99 for all of his claimed compensatory damages (including prejudgment interest and attorneys fees) and punitive damages, State Farm agrees that the action must be remanded to the Floyd Circuit Court for further proceedings."

The Plaintiff then filed another stipulation (DE 7) through counsel, this time stating that Plaintiff "will not seek damages in excess of $74,999 nor will Plaintiff seek to collect in excess of this amount if said damages are awarded." Thus, Plaintiff has expressly stipulated that he will not accept "damages" of more than $74,999. The problem, however, is that the Plaintiff has not expressly stated that the $74,999 should include any amounts awarded to him for attorney's fees and pre-judgment interest. Under its ordinary usage, the term "damages" would not encompass such amounts.

Thus, the Plaintiff's stipulation could be read to permit him to seek and accept damages of $74,999 and additional amounts in attorney's fees and pre-judgment interest. The question then is whether attorney's fees or pre-judgment interest should be considered in determining the sum or

3

value of the "matter in controversy."

"As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). There is no allegation that the insurance policy between the parties provides for the payment of the Plaintiff's attorney's fees. The sole statute cited by the Plaintiff in his Complaint is "the Unfair Settlement Claims Practices Act." There is no statute by that name. The Plaintiff is more likely than not referring to KRS 304.12-230, the "Unfair Claims Settlement Practices Act."

No statute authorizes an award of attorney's fees for violations of KRS 304.12-230. A separate statute, KRS 304.12-235, authorizes the award of attorney's fees and pre-judgment interest where the insurer is dilatory in paying a claim. However, in *FB Ins. Co. v. Jones*, 864 S.W.2d 926 (Ky. Ct. App. 1993), the Kentucky Court of Appeals expressly rejected the assertion that KRS 304.12-235 provides a remedy for violations of KRS 304.12-230, explaining that KRS 304.23-230 and KRS 304.12-235 "are different statutes which address different kinds of culpable behavior." *Id.* at 929. *See also*, *United Services Auto. Ass'n v. Bult*, 183 S.W.3d 181, 190 n.9 (Ky. App. 2003)(explaining that "KRS 304.12-230, the Unfair Claims Settlement Practices Act," involves a "much higher burden of proof" than KRS 304.12-235).

As to pre-judgment interest, 28 U.S.C. § 1332 expressly provides that "interest and costs" are to be excluded in determining the amount in controversy. Some courts have nonetheless determined that, where "interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes." *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2nd Cir. 1994). There is no allegation that State Farm owes the Plaintiff

4

pre-judgment interest pursuant to the contract between the parties.

The Sixth Circuit has held that a statutory penalty can be considered in determining whether a jurisdictional amount is met. *Clark v. National Travelers Life Ins. co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). Nevertheless, there is no statutory entitlement to pre-judgment interest under KRS 304.12-230.

The sole allegation in the record with regard to the sum or value of the matter in controversy is the Plaintiff's stipulation that he will not seek or accept "damages" in excess of $74,999. This encompasses both compensatory and punitive damages. The Court cannot consider attorney's fees or pre-judgment interest in determining the amount in controversy because there is no allegation that there is a contractual obligation to pay such amounts and there is no statute providing for the award of attorney's fees or pre-judgment interest for violations of KRS 340.12-230, the Unfair Claims Settlement Practices Act.

Thus, the Defendant has not proved it "more likely than not" that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. Accordingly, the Court hereby ORDERS that the Motion to Remand (DE 5) is GRANTED and this matter is hereby REMANDED to the Floyd Circuit Court.

Dated this 14th day of May, 2009.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**